UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RODOLFO LANDA RIVERA,
Plaintiff,

vs.   CIVIL NO. 98-1778 (DRD)

J.A. GARCIA, et al.,
Defendants.

## ORDER

This action was brought by Plaintiff under the provisions of <u>Bivens v. Six Unknown Named Agents in the Federal Bureau of Narcotics,</u> 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971). The basis for the action is Plaintiff's claim that his Fifth and Eight Amendment Constitutional rights were violated while an inmate at the Metropolitan Detention Center ("MDC"). Plaintiff contends that he was assaulted by three of the defendants and that a fourth defendant knew of previous assaults and failed to take any corrective action. Plaintiff is seeking monetary damages and also injunctive and declaratory relief. On April 12, 1999, Defendants filed a Motion to Dismiss in the proceedings of the instant case. (Docket No.12). Said motion included a Motion to Seal Document(s). (Docket No. 11). The Court hereby **GRANTS** Defendants Motion to Seal. (Docket No. 11). On April 26, 1999, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (Docket No. 16). Subsequently, on May 13, 1999, Defendants filed with the court a Reply to Plaintiff's Response in Opposition to Dismiss. (Docket No. 21).

The plaintiff is a twenty-seven (27) year old male, who was arrested on charges of bank robbery. The plaintiff was arrested and brought to MDC as a pretrial inmate on May 24, 1997.

Defendant J.A. Garcia served as Warden of the MDC from July 9, 1995 until June 20, 1998. Defendant Hector Vargas has been a correctional officer at MDC since October 26, 1997. Defendant Antonio Delgado has been a correctional officer at MDC since July 14, 1991. Lieutenant Frank Schembre, also a defendant, has as a correctional officer since January 14, 1992.

The plaintiff alleges that on January 15, 1998, defendants Anthony Delgado and Hector Vargas escorted him to Schembre's office. The plaintiff was taken there to be questioned on a prior incident. The plaintiff asserts that when he attempted to relate the incident in question, he was ordered to stay quiet. When he refused to stay quiet, he was suddenly thrown to the floor and assaulted by defendants Delgado, Vargas and Schembre. The plaintiff further alleges, that he was then handcuffed and that the assault continued after he was handcuffed. The plaintiff contends that his Fifth and Eight amendment rights were violated, resulting in physical injuries and damages.

## I. LEAVE TO AMEND COMPLAINT

As a preliminary matter, we consider the Motion to Amend Complaint filed by Plaintiff on April 26, 1999. (Docket No. 17). Defendants in turn, filed a Response to Plaintiff's Motion on May 14, 1999. (Docket No. 22). In the Amended Complaint, Plaintiff seeks only monetary damages and seeks the opportunity to abandon plaintiff's claims for declaratory and injunctive relief. Rule 15(a) provides in part that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15 (a). It is settled law that the granting of a leave to amend the pleadings pursuant to Rule 15 (a) is within the discretion of the trial court. See Foman v. Davis, 371 U.S. 178, 182, 83 S Ct. 227, 230, 9 L Ed. 222 (1962). Therefore, if a court decides not to

allow the amendment, "it must do so for a valid reason such as bad faith by the moving party, unwarranted delay, or undue prejudice to the opposing party." Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1108 (1st Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The court finds that the Plaintiff's Motion was presented in good faith. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Amend Complaint (Docket No. 17). The Court does note, however, that when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. See Carver v. Condie, 169 F.3d 469, 472 (7th Cir. 1999).

## II. INSUFFICIENCY OF PERSONAL SERVICE

Defendants motion is based on two main issues. Defendants first argue that in order for the court to exercise personal jurisdiction over a defendant for an action brought pursuant to Bivens, that defendant must be properly served. Service for a Bivens action must be done personally. In Bivens actions brought against federal officers, in their individual capacity, service of process must comply with Rule 4(e). See FED. R. CIV. P. 4(e). A copy of the summons and complaint must be delivered personally to the defendants within 120 days of the filing of the complaint. See FED. R. CIV. P. 4(m). Proper service is necessary in order to obtain jurisdiction over the defendants in their individual capacity. Accordingly, failure to perfect service in a Bivens action is fatal. See Dodson v. Reno, 958 F. Supp. 49, 54 (D. P.R. 1997); Rodriguez v. Barcelo, 358 F. Supp 43, 48 (D. P.R. 1973). Defendants J.A. Garcia, Hector Vargas and Antonio Delgado, have not been personally served by Plaintiff, and therefore they are **DISMISSED WITHOUT PREJUDICE** from this case. Correspondingly, the Defendant's Motion to Dismiss is **GRANTED IN PART**. (Docket No. 16).

Page -3-

## III. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Further, Defendants argue that the Plaintiff was required to exhaust all administrative remedies available to him and he did not proceed to do so. Plaintiff on the other hand, argues that he did not avail himself of the administrative process because it could not provide him with the monetary relief he seeks in his amended complaint. Accordingly, he argues, that the pursuit of his administrative remedies would have been futile, therefore, the exhaustion requirement should not bar this action. The Prison Litigation Reform Act ("PLRA"), provides in pertinent part that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In cases governed by the provisions of section 1997e(a), the prisoner must demonstrate that all available administrative remedies have been exhausted. See Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999). The Court finds persuasive the holding of brethren, Chief Judge Laffitte, in Feliciano v. Servicios Correccionales, 79 F.Supp.2d 31 (D. P.R. 2000), that section 1997e(a)'s exhaustion requirement "[n]o action shall be brought" extends to claims for monetary damages. See id. at 34. Feliciano v. Servicios Correccionales, states in pertinent part:

> The second area in which courts have found difficulty in arriving at a bright-line rule is whether 42 U.S.C. § 1997e(a)'s exhaustion requirement applies to claims for money damages when money damages are not an available remedy under prison grievance procedures. A number of courts have held that because § 1997e(a) only requires the exhaustion of "available" administrative remedies, and money damages are not an available remedy, a prisoner seeking money damages need not exhaust prison administrative procedures. See, e.g., Whitley v. Hunt, 158 F.3d 882, 886-87 (5th Cir. 1998); Lunsford v. Jumao-As, 139 F.3d 1233, 1233 (9th Cir. 1998); Garrett v. Hawk, 127 F.3d 1263, 1266 (10th Cir. 1997); White, 19 F.Supp.2d at 316-17; Hollimon, 6 F.Supp.2d at 970 (N.D. Ill. 1998); Polite v. Barbarin, 1998 WL 146687, at *2 (S.D. N.Y. 1998); Lacey, 990 F.Supp. at 1205; Russo v. Palmer, 990 F.Supp.

1047, 1050 (N.D. Ill. 1998). These courts reason that it would be futile for a prisoner seeking money damages to pursue an administrative procedure in which money damages are not available. See Moore, 18 F.Supp.2d at 1363 (summarizing the case law against the exhaustion requirement in claims for money damages).

This Court, however, finds persuasive the reasons weighing in favor of the exhaustion requirement for prisoners seeking money damages. See, e.g., Alexander v. Hawk, 159 F.3d 1321, 1325-27 (11th Cir. 1998); Sallee v. Joyner, 40 F.Supp.2d 766, 770 (E.D. Va. 1999); Beeson, 28 F.Supp.2d at 892-95; Funches v. Reish, 1998 WL 695904, at *7-9 (S.D. N.Y. 1998); Moore, 18 F.Supp.2d at 1364; Bearden v. Godfrey, 1998 WL 456294, at *1 (N.D. Cal. 1998); Melo v. Combes, 1998 WL 67667, at *3 (S.D. N.Y. 1998); Spence v. Mendoza, 993 F.Supp. 785, 787-88 (E.D. Cal. 1998); Gibbs v. Bureau of Prison Office, 986 F.Supp. 941, 943-44 (D. Md. 1997). In Moore v. Smith, the district court set out five compelling reasons for maintaining the exhaustion requirement with respect to claims for money damages. First, § 1997e(a)'s language supports the exhaustion requirement even when money damages are sought. The statute simply provides that a prisoner shall exhaust "such administrative remedies as are available." 42 U.S.C.A. § 1997e(a) (West Supp. 1999). As the district court explained,

> [t]he most natural reading of this language leads to the conclusion that Congress was not asking courts to evaluate the sufficiency of the administrative remedies, but merely intended to require prisoners to utilize the existing administrative remedies, whether the grievance procedure will produce the precise remedy that the prisoner seeks or some other remedy.

Moore, 18 F.Supp.2d at 1364. See also Langford v. Couch, 50 F.Supp.2d 544, 547-48 (E.D. Va. 1999); Sallee, 40 F.Supp.2d at 770; Beeson, 28 F.Supp.2d at 893; Funches, 1998 WL 695904, at *8; Spence, 993 F.Supp. at 787.

Second, allowing prisoners to avoid the exhaustion requirement by including a claim for money damages in their suits would encourage prisoners to engage in strategic litigation tactics. In other words, they might simply add damages claims to their complaints so that they could file suit without first exhausting their administrative remedies. Moore, 18 F.Supp.2d at 1364. See also Sallee, 40 F.Supp.2d at 770; Beeson, 28 F.Supp.2d at 893; Funches, 1998 WL 695904, at *9. Third, the prisons have an interest in having a chance to investigate and resolve prisoners' allegations internally. When given this chance, the prisons can take appropriate corrective measures, if necessary, before they are faced with a court order to do so or a judgment for damages. Moore, 18 F.Supp.2d at 1364. See also Sallee, 40 F.Supp.2d at 771; Beeson, 28 F.Supp.2d at 895.

Fourth, strict enforcement of the exhaustion requirement benefits the federal courts by reducing their caseload. If a prison's internal grievance procedures successfully resolve a prisoner's complaint, there will be no lawsuit. Moore, 18 F.Supp.2d at

1364. See also Alexander, 159 F.3d at 1327 n. 11; Sallee, 40 F.Supp.2d at 771; Beeson, 28 F.Supp.2d at 893; Funches, 1998 WL 695904, at *9. Fifth, prisoners with complaints are not harmed in any way by having to comply with the exhaustion requirement. In fact, they may even obtain redress more quickly than they otherwise would in the overloaded federal courts. Moore, 18 F.Supp.2d at 1364.

In this case, Plaintiff does not specify what kind of relief he is seeking, other than to say that he wants his problem to be "resolved." Assuming that this means that Plaintiff wants compensation for his loss, he falls into the category of prisoners seeking money damages. Although the prison's grievance procedures state that one of the available remedies is "reimbursement" it is not clear whether this remedy is intended provide full damages-type compensation for a prisoner's loss. Thus, for purposes of this opinion, the Court shall consider money damages in the traditional sense to be unavailable via the prison's grievance procedures. Still, Plaintiff must exhaust his available administrative remedies, whatever they may be, before bringing suit.

Plaintiff failed to exhaust his available administrative remedies when he omitted to file an appeal of the initial disposition of his grievance. Thus, § 1997e(a)'s provision that "[n]o action shall be brought" becomes operative and requires the dismissal of Plaintiff's claim.

Feliciano v. Servicios Correccionales, 79 F.Supp.2d at 33-34; see Nyhuis v. Reno, ___ F.3d ___, 2000 WL 157531 at *1 (3rd Cir. Jan. 11, 2000) (Section 1997e(a) requires exhaustion of administrative required regardless of the form of remedy sought or the futility of such exhaustion.); Freeman v. Francis, 196 F.3d 641, 643 (6th Cir. 1999); Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 2000); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). Furthermore, the Fifth Circuit in Wright v. Hollingsworth, ___ F.3d ___, 2000 WL 60213 at *2 (5th Cir. Feb. 9, 2000) stated that "[a]lthough bound by Whitley, this panel urges the Fifth Circuit to reconsider Whitley en banc and to consider adopting the Sixth, Seventh, and Eleventh Circuits' interpretation of § 1997e(a)." Id.; see also Whitley v. Hunt, 158 F.3d 882, 886-87 (5th Cir. 1998) (Held "that an inmate seeking only monetary relief is not required to exhaust administrative remedies prior to filing suit if the prison grievance system does not authorize that type of relief." Wright v. Hollingsworth, ___ F.3d ___, 2000 WL 60213 at *2.); Underwood v. Wilson, 151 F.3d

AO 72 (Rev 8/82)

292 (5th Cir. 1998), <u>cert. denied</u>, ___ U.S. ___, 119 S.Ct. 1809 (1999) ("[A]n inmate seeking monetary and injunctive relief must exhaust administrative remedies." <u>Wright v. Hollingsworth</u>, ___ F.3d ___, 2000 WL 60213 at *2.). Plaintiff has not exhausted administrative remedies as required by 42 U.S.C. § 1997e(a), and therefore, this case is **DISMISSED WITHOUT PREJUDICE**. Judgement shall be entered accordingly.

IT IS SO ORDERED.

**Date: March 14, 2000**

P:\PEACHORD ERS\98-1778 DIS

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**

AO 72
(Rev 8/82)